[Cite as *Sellers v. Gibson*, 2016-Ohio-4649.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JESSICA E. SELLERS | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| First Petitioner - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| NATHAN C. GIBSON | : | Case No. 15-CA-75 |
| | : | |
| Second Petitioner - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Licking County
                            Court of Common Pleas, Domesic
                            Relations Division, Case No. 2002-
                            DR-01653



JUDGMENT:                   Affirmed



DATE OF JUDGMENT:           June 28, 2016



APPEARANCES:

For First Petitioner-Appellee          For Second Petitioner-Appellant

CARL MCCOY                             NATHAN C. GIBSON, pro se
57 East Main Street                    1216 East Eastman Street
Newark, Ohio 43055                     Zanesville, Ohio 43701

*Baldwin, J.*

{¶1}    Second Petitioner-appellant Nathan C. Gibson appeals from the September 10, 2015 Judgment Entry of the Licking County Court of Common Pleas, Domestic Relations Division.

STATEMENT OF THE FACTS AND CASE

{¶2}    On June 17, 2014, appellee Jessica Sellers filed a motion seeking to reallocate parental rights and responsibilities with respect to her son, Marcus (DOB 10/24/2001).   Appellee Sellers sought to be designated the temporary legal custodian and residential parent. At the time the motion was filed, appellant Nathan Gibson, Marcus' biological father, was incarcerated.   Appellant Gibson had been Marcus' residential parent.

{¶3}    On July 25, 2014, Sarah Smithson, appellant Gibson's significant other, filed a Motion to Intervene as Third Party Petitioner. The motion was granted as memorialized in an Order filed on the same day. On August 4, 2014, Smithson filed a motion asking that she be granted temporary and permanent legal custody of Marcus until appellant Gibson was released from custody, an ex parte motion seeking temporary custody of the child, and a motion requesting hair follicle drug testing of appellee Jessica Sellers. Smithson also filed a motion for an in camera interview of the minor child.

{¶4}    The Magistrate, in a Magistrate's Order filed on August 7, 2014, granted the motion for an in camera interview, but scheduled the other motions for a hearing on August 19, 2014. Pursuant to a Magistrate's Order filed on August 25, 2014, the Magistrate entered an order designating Smithson as the temporary legal custodian and an order granting the motion for hair follicle drug testing. The Magistrate declined to enter

a temporary parenting time order for appellee Sellers. Pursuant to an Agreed Entry filed on March 12, 2015, appellee Sellers was granted parenting time with the minor child and was ordered to submit to random drug testing by the court.

{¶5} An oral hearing before a Magistrate was held on August 11, 2015 on appellee Sellers's motion to reallocate parental rights and responsibilities and Smithson's motion for custody. The Magistrate, in a Decision filed on September 10, 2015, recommended that the trial court grant appellee Sellers's motion and overrule Smithson's motion. The Magistrate, in his Decision, noted that while appellant Gibson had been Marcus' residential parent, he had been convicted of a felony count of child endangering and was incarcerated as of the date of the hearing. The Magistrate found that appellant Gibson, therefore, was an unsuitable parent. The Magistrate, in his Decision, further found that appellee Sellers was a suitable parent.

{¶6} The trial court, as memorialized in a Judgment Entry filed on September 10, 2015, approved and adopted the Magistrate's Decision.

{¶7} Smithson, on September 22, 2015, filed objections to the Magistrate's Decision and appellant Gibson, on September 24, 2015, also filed objections. Both argued that appellee Sellers was an unfit parent who had a history of drug abuse and did not have a valid driver's license and that she subjected her children to abusive and drug-infested environments. Both also claimed that appellee Sellers was still involved in a relationship with the same abusive boyfriend. Appellee Sellers filed a memorandum contra the objections on October 2, 2015.

{¶8} Smithson, on October 6, 2015, filed a Notice of Appeal, appealing from the trial court's September 10, 2015 Judgment Entry. Her case was assigned Case No. 15-

CA-73. Appellant Gibson filed a Notice of Appeal on October 19, 2015.  His case was assigned Case No. 15-CA-75.

{¶9}    This Court, pursuant to a Judgment Entry filed on November 9, 2015 in Case No. 15-CA-75, remanded the matter to the trial court for the purpose of ruling on any outstanding objections. The trial court, in an Opinion filed on November 16, 2015, overruled the objections and approved and adopted the Magistrate's Decision. The trial court, in its Opinion, noted, in part, that neither party had requested or provided the trial court with a transcript of the proceedings before the Magistrate.

{¶10}  Pursuant to a Judgment Entry filed on February 8, 2016 in Case No. 15-CA-73, this Court dismissed Smithson's appeal for want of prosecution because no brief had been filed. Smithson did not sign the brief filed by appellant Gibson in Case No. 15-CA-75.

{¶11}  Appellant Gibson  now raises the following assignments of error on appeal:

{¶12} I.    THE TRIAL COURT ABUSED ITS DISCRETION, COMMITTED REVERSIBLE ERROR, AND RULED AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN AWARDING CUSTODY OF THE MINOR CHILD TO HIS MOTHER AS THE EVIDENCE DEMONSTRATES A FINDING THAT THE MOTHER WAS UNFIT.

{¶13} II.   THE DECISION OF THE REALLOCATION OF PARENTAL RIGHTS BY TRIAL COURT IS NOT IN THE BEST INTEREST OF THE MINOR CHILD AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

I, II

{¶14} Appellant Gibson, in his two assignments of error, argues that the trial court's decision to award custody of the minor child to appellee Sellers is against the manifest weight of the evidence and is unsupported by the evidence.

{¶15} In the case sub judice, the Magistrate, in a Decision adopted by the trial court, recommended that the trial court grant appellee Sellers' motion to relocate parental rights and responsibilities so as to designate her the residential parent. The Magistrate found that there had been a change in circumstances due to appellant Gibson's incarceration, that appellant Gibson, therefore, was an unsuitable parent, and that appellee Sellers was a suitable parent.

{¶16} When appellant Gibson filed his objections to the Magistrate's Decision, he failed to present a transcript of the Magistrate's hearing to the trial court for its review. This Court has held, "where an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established and may not be attacked on appeal." *Green Tree Servicing, L.L.C. v. St. John,* 5th Dist. Stark No. 2013 CA 00092, 2015–Ohio–1111, ¶ 18 quoting *Doane v. Doane*, 5th Dist. Guernsey No. 00CA21, 2001 WL 474267 (May 2, 2001); *State v. Leite,* 5th Dist. Tuscarawas No.1999AP090054, 2000 WL 502819 (Apr. 11, 2000); *Fogress v. McKee*, 5th Dist. Licking No. 99CA15, 1999 WL 668580 (Aug. 11, 1999); and *Strunk v. Strunk*, 5th Dist. Muskingum No. CT96–0015, 1996 WL 787981 (Nov. 27, 1996). Accordingly, we review the assignments of error only to analyze whether the trial court

abused its discretion in reaching specific legal conclusions based upon the established facts. *He v. Zeng,* 5th Dist. Licking No.2009–CA–00060, 2010–Ohio–2095, ¶ 23.

{¶17}  We note that, in the case sub judice, both appellee Seller and Smithson, a nonparent, sought legal custody of Marcus. "In a child custody case arising out of a parentage action between a natural parent of the child and a nonparent, a trial court must make a parental unsuitability determination on the record before awarding legal custody of the child to the nonparent." *In re Hockstok,* 98 Ohio St.3d 238, 2002–Ohio–7208, 781 N.E.2d 971, at the syllabus.

{¶18}  As noted by the court in *Tabler v. Snider,* 7th Dist. Noble App. No. 08 NO 357, 2010–Ohio–1545 at paragraph 22, citing *Hockstok* at ¶ 17, quoting *In re Perales*, 52 Ohio St.2d 89, 97, 369 N.E.2d 1047 (1977). "Accordingly, it is well settled that in custody disputes between parents and nonparents, 'a court may not award custody to the nonparent 'without first determining that a preponderance of the evidence shows that the parent abandoned the child; contractually relinquished custody of the child; that the parent has become totally incapable of supporting or caring for the child; or that an award of custody to the parent would be detrimental to the child.' "

{¶19}    In the case sub judice, the Magistrate, in his Decision,  stated, in relevant part, as follows:

> … the Magistrate finds that the evidence establishes that there has been a change in circumstances since the most recent parenting decree with respect to the second petitioner, who has been Marcus' residential parent.  The evidence with respect to the second petitioner establishes that

he has been convicted of a felony count of child endangerment and that he was incarcerated in the Ohio penal system as of the date of the hearing.

The Magistrate finds from these facts that the second petitioner is, at this time, an unsuitable parent as he is totally incapable of caring for Marcus when he is incarcerated in prison.

The Magistrate further finds that while the first petitioner has had her challenges including substance abuse and residing with an abusive gentleman friend in the past, as of the date of the hearing, the evidence establishes that she is a suitable parent. She has a residence where she lives with her mother and two other children. She ended her relationship with her former gentleman friend following a physical altercation involving the first petitioner and her other minor son who resides with her. The first petitioner is employed with Universal Veneer, earning $9.00 an hour. Ms. Gibson (sic) has undergone drug testing in January and June of 2015 yielding negative results. She has maintained sobriety since July of 2014. After having experienced considerable difficulty in attempting to visit Marcus since losing custody of him in 2011, the first petitioner has been able to see him at her mother's and at the second petitioner's sister's places. More recently, during the pendency of this action, the first petitioner has visited with Marcus more regularly and has rekindled her relationship with him. The evidence further establishes that Marcus has a good relationship with the first petitioner and her children.

The evidence admitted into the record further establishes that the third party petitioner [Smithson] is an appropriate person to parent Marcus as she has been doing for several years together with the second petitioner and as she has done on her own since he has been incarcerated. Had the evidence established that the first petitioner was an unsuitable parent or that she was continuing to be involved in the two problematic issues cited above, the Magistrate would have had no qualms about placing Marcus with the third party petitioner at this time.

The Magistrate further finds that this ligation has placed Marcus squarely in the middle. This has been particularly difficult for him as he cares a lot for both of the parties who are seeking custody of him.

{¶20} We find, based upon the established facts, no abuse of discretion in the trial court's adoption of the Magistrate's Decision. The trial court's decision was not arbitrary, unconscionable or unreasonable in view of the facts.

{¶21} Appellant Gibson's two assignments of error are, therefore, overruled.

{¶22} Accordingly, the judgment of the Licking County Court of Common Pleas, Domestic Relations Division is affirmed.

By: Baldwin, J.

Farmer, P.J. and

Delaney, J. concur.